IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FAITH EILEEN VALENCIA,
AS PERSONAL REPRESENTATIVE
OF THE WRONGFUL DEATH ESTATE
OF BERNICE A. LEDOUX, DECEASED,

      Plaintiff,

v.   No.

UNITED STATES OF AMERICA, ACTING
THROUGH ITS AGENCY, THE DEPARTMENT
OF HEALTH AND HUMAN SERVICES,

      Defendant.

## COMPLAINT FOR MEDICAL NEGLIGENCE, MALPRACTICE AND WRONGFUL DEATH

COMES NOW Plaintiff, Faith Eileen Valencia, as Personal representative of the Wrongful Death Estate of Bernice A. LeDoux, deceased, by and through her attorneys, DeLara | Supik | Odegard P.C. (Christopher J. DeLara, Christopher J. Supik and David C. Odegard), and for her Complaint for Medical Negligence, Medical Malpractice and Wrongful Death, states as follows:

### JURISDICTION

1. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C §§ 1346(b) and 2671-2680 *et.seq* ("FTCA").

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1346(b)(1).

3. Plaintiff is a resident and citizen of the State of New Mexico, and the acts and omissions that are the subject of this action occurred in the State of New Mexico.

4. Pursuant to 28 U.S.C. § 2679(d), this action shall be brought in the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.

5. All conditions precedent to bringing this action have occurred or have been performed. On March 12, 2021, Plaintiff filed an Administrative Tort Claim for Damage, Injury or Death with the U.S. Department of Health and Human Services, Office of the General Counsel/General Law Division/Claims Office, pursuant to 28 U.S.C. §§ 2672 and 2675(a).

6. To date, the Department of Health and Human Services has failed to answer or respond to Plaintiff's Claim for Damage, Injury, or Death.

7. Bernice A. LeDoux's death is the result of the negligent or wrongful acts or omissions, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the acts or omissions occurred.

**PARTIES AND VENUE**

8. Plaintiff Faith Eileen Valencia is the duly appointed personal representative of the wrongful death estate of Bernice A. LeDoux through her appointment as Personal Representative of Bernice A. LeDoux's wrongful death estate, pursuant to the New Mexico Wrongful Death Act by Order of the State of New Mexico, County of San Miguel, Fourth Judicial District, cause number D-412-CV-2020-00005.

9. At all material times herein, Ms. LeDoux was a resident of Las Vegas, San Miguel County, New Mexico.

10. Pursuant to 28 U.S.C. § 2679(d), any action against a federal employee acting within the scope of his office or employment at the time of the incident out of which the claim arose shall be deemed an action against the United States, and the United States shall be substituted as the party defendant.

11. The actions of Defendant giving rise to these claims arose at the El Centro Family Health Clinic ("El Centro"), located at 1235 8th Street, Las Vegas, New Mexico 87701.

12. The staff at the El Centro, including but not limited to Mary Ann Spencer, and other physicians, nurses, medical technicians, and administrative staff, were federal employees acting within the course and scope of their employment when the injuries, including the death of Ms. LeDoux occurred.

13. At all times material to this Complaint, all acts or omissions by Mary Ann Spencer, and Defendant El Centro's respective employees, agents, apparent agents or contractors were done within the course and scope of their employment, agency, apparent agency or contract.

14. Venue in this Court is proper.

## STATEMENT OF FACTS

15. Plaintiff restates Paragraphs 1 through 14 as if fully set forth herein pursuant to Fed.R.Civ.Pro. 10(C).

16. On November 11, 2019, Bernice LeDoux presented at El Centro's facility located at 1235 8th Street, Las Vegas, NM 87701, and was seen by Defendant Spencer.

17. Ms. LeDoux presented with back spasm which had begun the morning of November 11, 2019 with fever (102.3) episodes and shaking.

18. Ms. LeDoux presented with a temperature of 97.5, heart rate of 65/min, blood pressure of 115/67, and oxygen saturations of 81%, 89%, 87% and 91% with oxygen. Ms. LeDoux reported pain of 9/10 in her back, located in the right upper back near the inner aspect of the right scapula.

19. During her examination, Ms. LeDoux noted that she had a fever at night for the past week with shakes, with upper respiratory infection symptoms noted.

20. Ms. LeDoux was diagnosed with GERD with esophagitis, mixed hyperlipidemia, essential hypertension, upper back pain, fever with an unspecified cause, Type 2 diabetes, glucosuria, and proteinuria.

21. Defendant Spencer ordered laboratory tests and x-rays of the thoracic spine were ordered and Defendant Spencer instructed Ms. LeDoux to follow up in one (1) week.

22. Ms. LeDoux's laboratory results indicated, *inter alia,* C-Reactive Protein of 176 (which is above normal), and a white blood count of 21.2 (well above normal).

23. On November 16, 2019, Ms. LeDoux was admitted to the emergency department of Alta Vista Regional Hospital via emergency medical services. On arrival, Ms. LeDoux was unresponsive. It was also noted that Ms. LeDoux was unwell for several days. Ms. LeDoux was given a differential diagnosis of pneumonia, sepsis, acute renal failure and acute liver failure.

24. An examination on November 17, 2019 at Alta Vista revealed that Ms. LeDoux was positive for sepsis, and appeared "lethargic, listless, jaundice, responding to pain only on arrival, very dry." Moderate respiratory distress was noted with labored breathing. Ms. LeDoux required oral intubation.

25. On November 17, 2019, it was noted that Ms. LeDoux's "symptoms worsen despite medication administration, PT DID NOT DO WELL, REQUIRED SEDATION AFTER INTUBATION. WHEN FLIGHT ARRIVED PT WAS NEUROLOGICALLY UNRESPONSIVE NO CORNEAL REFLEXES."

26. Ms. LeDoux was declared dead on November 17, 2019 at 3:53 a.m., and her causes of death were septic shock and Strep C Infection.

**COUNT I – NEGLIGENCE OF PROFESSIONAL HEALTHCARE PROVIDERS**

27. Plaintiff restates Paragraphs 1 through 26 pursuant to Fed.R.Civ.Pro. 10(c).

28. At all material times, Defendant is the substitute party for the federal employees, agents, apparent agents, and/or contractors of El Centro, who were responsible for providing medical care and treatment to Ms. LeDoux.

29. In undertaking the diagnosis, care and treatment of Ms. LeDoux, Defendants, through their employees and agents, were under a duty to possess and apply the knowledge, skill, and care that is used by a reasonably well-qualified healthcare providers in the same or similar circumstances.

30. Defendants' conduct fell below the expected standard of care in their treatment of Ms. LeDoux on November 11, 2019, by, *inter alia,*

    A. Failing to diagnose and treat the reason for Ms. LeDoux's visit, including but not limited to determining the reason for her report of a fever;

    B. Ignoring the significance of Ms. LeDoux's O2 sats;

    C. Ignoring Ms. LeDoux's C-Reactive Protein labs, including but not limited to in correlation with Ms. LeDoux's white blood count;

  D. Failing to notify Ms. LeDoux of the C-Reactive Protein labs, including but not limited to in correlation with Ms. LeDoux's white blood count;

  E. Failing to diagnose and treat Ms. LeDoux's fever and shaking;

  F. Failing to diagnose and treat Ms. LeDoux's O2 sats prior to discharge;

  G. Failing to diagnose and treat Ms. LeDoux's complaints of fever;

  H. Failing to administer IV antibiotics;

  I. Failing to promptly collect laboratory results;

  J. Failing to promptly follow up with Ms. LeDoux; and

  K. Failing to document Ms. LeDoux's examination.

31. As such, Defendants and their employees and agents deviated from the applicable standards in the following ways, but not by way of limitation:

  a. Failing to develop, employ, monitor, and follow appropriate policies and procedures with regard to the assessment, treatment, management and oversight of patients, including Ms. LeDoux;

  b. Failing to appropriately and accurately document the treatment, monitoring, evaluations, examinations, and/or diagnoses for Ms. LeDoux;

  c. Failing to timely and appropriately monitor, evaluate, examine, diagnose, and/or treat Ms. LeDoux;

  d. Failing to appropriately hire, train, and/or supervise employees who provided care to Ms. LeDoux; and

  e. Failing to provide Ms. LeDoux with the most effective medical treatment for her medical problems.

32. As a direct and proximate result of this negligence, Ms. LeDoux suffered personal injury, emotional and psychological pain and suffering, and death.

33. Defendants' conduct showed an utter indifference to, or conscious disregard for, the safety of others, or was wanton and/or reckless, thereby justifying an award of punitive damages.

## COUNT II – LOST CHANCE OR OPPORTUNITY FOR TREATMENT, RECOVERY AND/OR SURVIVAL

34. Plaintiff restates Paragraphs 1 through 33 pursuant to Fed.R.Civ.Pro. 10(c).

35. Defendants' conduct enumerated above reduced Ms. LeDoux's long-term chances of recovery, treatment and/or survival that existed had the negligence not occurred.

36. As a direct and proximate result of this negligence, Ms. LeDoux was deprived of the chance or opportunity for an improved chance of treatment, recovery and/or survival.

37. Ms. LeDoux seeks damages for this lost chance or opportunity in an amount to be proven at trial.

## COUNT III - WRONGFUL DEATH

38. Plaintiff restates Paragraphs 1 through 37 pursuant to Fed.R.Civ.Pro. 10(c).

39. Defendants acting through their employees, administrator, agents, servants, representatives, officers, directors, designees, physicians, nurses, nurse's aides, and/or contractors, who were acting within the scope of their employment, agency, apparent agency or contract, failed to possess and apply the knowledge, skill, and care that is used by reasonably well-qualified healthcare providers in the same or similar circumstances in the care and services they provided to Ms. LeDoux.

40. Defendants' failed in providing the appropriate treatment, care and safety that reasonable and prudent providers would have provided under the same or similar circumstances.

41. Defendants breached their duty and failed to ensure that Ms. LeDoux received adequate and proper care in an appropriate manner.

42. Defendants' actions and/or inactions resulted in the wrongful death of Ms. LeDoux.

## **DAMAGES**

43. Plaintiff incorporates the foregoing allegations as though they were fully set forth herein pursuant to Fed. R. Civ. P. 10(c).

44. As a direct and proximate result of the negligent actions of Defendant enumerated above, Plaintiff seeks the following damages:

    a. Loss of household services and other pecuniary losses;

    b. Physical and emotional pain and suffering and other debilitating pain including death;

    c. Past medical expenses;

    d. Loss of enjoyment of life;

    e. Pre-judgment and post-judgment interest;

    f. Costs of bringing suit; and

    g. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff herein requests judgment against Defendant for damages and such other relief as permitted by law against Defendant.

DELARA | SUPIK | ODEGARD P.C.

By    */s/ Christopher J. DeLara*
      Christopher J. DeLara
      Christopher J. Supik
      David C. Odegard
      P.O. Box 91596
      Albuquerque, NM 87199-1596
      (505) 999-1500
      chris@delaralaw.com
      supik@delaralaw.com
      odegard@delaralaw.com
      *Attorneys for Plaintiff*